# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-437V
Filed: June 26, 2018
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARY BRODIE, | \* |
| Petitioner, | \* |
| v. | \* Attorneys' fees and costs decision; |
| | \* Reasonable attorneys' fees and costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* |
| Respondent. | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Renee J. Gentry, Washington, DC, for petitioner.
Glaudia B. Gangi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 27, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) alleging that Prevnar ("PPV/13") vaccine administered June 1, 2015 caused her myocardial infarction ("STEMI"). Pet. at ¶¶ 6 and 7.

On May 16, 2017, the undersigned issued an Order listing eight risk factors for a clot in petitioner's right coronary artery and stating petitioner had neither medical records nor a cardiologist's expert opinion in support of her allegations that PPV/13 caused her STEMI. Doc 12, at 1-4.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On May 31, 2017, the undersigned discussed the Order of May 16, 2017 with counsel during the initial telephonic status conference, expressing doubts about the reasonable basis to proceed in this case. Petitioner's counsel asked for a deadline of September 29, 2017 to file an expert report so that the law students at the George Washington University Law School Vaccine Injury Clinic ("GW Vaccine Injury Clinic") could participate in the case. Respondent's counsel had no objection.

On October 2, 2017, the undersigned granted petitioner's motion for an extension of time to have until October 23, 2017 to file her expert report. Petitioner did not file an expert report by October 23, 2017.

On October 30, 2017, petitioner moved for a dismissal of her petition. The undersigned granted petitioner's motion and dismissed the case on the same day. Judgment entered on November 27, 2017.

On May 23, 2018, petitioner filed an application for attorneys' fees and costs, requesting compensation for the attorneys and law students at the GW Vaccine Injury Clinic who worked on the case. Specifically, petitioner requested attorneys' fees of $5,229.60 for counsel's work, $9,719.25 for work performed by law students at the GW Vaccine Injury Clinic, $2,652.54 in costs incurred by the GW Vaccine Injury Clinic, and petitioner's personal costs of $6.45, for a total request of $17,607.84.

On June 5, 2018, respondent filed a response to petitioner's motion explaining he is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. Respondent "respectfully recommends that the [undersigned] exercise her discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

This matter is now ripe for adjudication.

**DISCUSSION**

I.  **Entitlement to Fees Under the Vaccine Act**

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims may award fees and costs to an unsuccessful petitioner if "the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).

"Good faith" is a subjective standard. Hamrick v. Sec'y of HHS, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. Turner v. Sec'y of HHS, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Petitioners are "entitled to a presumption of good faith." Grice v. Sec'y of HHS, 36 Fed. Cl. 114, 121 (Fed. Cl. 1996).

"Reasonable basis" is not defined in the Vaccine Act or Rules. It has been determined to be an "objective consideration determined by the totality of the circumstances." McKellar v. Sec'y of HHS, 101 Fed. Cl. 297, 303 (Fed. Cl. 2011). Traditionally, special masters have been "quite generous" in finding reasonable basis. Turpin v. Sec'y of HHS, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005); see also Austin v. Sec'y of HHS, No. 10-362V, 2013 WL 659574, at *8 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) ("The policy behind the Vaccine Act's extraordinarily generous provisions authorizing attorney fees and costs in unsuccessful cases—ensuring that litigants have ready access to competent representation—militates in favor of a lenient approach to reasonable basis."). However, "Fee denials are expected to occur. A different construction of the statute would swallow the special master's discretion." Chuisano v. United States, 116 Fed. Cl. 276, 286 (Fed. Cl. 2014). See also Dews v. Sec'y of HHS, No. 13-569V, 2015 WL 1779148, at *2 (Fed. Cl. Spec. Mstr. Mar. 30, 2015) (in which the undersigned found HPV vaccine did not cause vaccinee's DSRC cancer, a genetically-caused disease, and petitioner was not entitled to attorneys' fees and costs because she did not have a reasonable basis to bring the petition).

In determining reasonable basis, the court looks "not at the likelihood of success [of a claim] but more to the feasibility of the claim." Turner, 2007 WL 4410030, at *6 (citing Di Roma v. Sec'y of HHS, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). Factors to be considered include factual basis, medical support, jurisdictional issues, and the circumstances under which a petition is filed. Turner, 2007 WL 4410030, at *6–*9. However, the Federal Circuit has recently clarified in Simmons that "a looming statute of limitations deadline . . . has no bearing on whether there is reasonable factual basis 'for the claim' raised in the petition. That is an objective inquiry unrelated to counsel conduct." Simmons v. Sec'y of HHS, 875 F. 3d 632, 636 (Fed. Cir. 2017).

## II. Reasonableness of Requested Attorneys' Fees and Costs

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Avera, 515 F.3d 1343, 1348. This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." Rodriguez v. Sec'y of HHS, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing Avera, 515 F. 3d at 1349). For cases in which forum rates apply, McCulloch provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. See McCulloch v.Sec'y of HHS, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." Avera, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of HHS, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Counsel must submit fee requests that include contemporaneous and specific billing entries indicating the task performed, the number of hours expended on the task, and who

3

performed the task.  See Savin v. Sec'y of HHS, 85 Fed. Cl. 313, 316–18 (Fed. Cl. 2008).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id.  Furthermore, the special master may reduce fees *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of HHS, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of HHS, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### 1. Reasonable Hourly Rates

Petitioners request the following hourly rates:

|  | 2016 | 2017 |
| --- | --- | --- |
| Clifford Shoemaker | $430 | $440 |
| Renee Gentry | N/A | $415 |
| Sabrina Knickelbein | N/A | $378 |
| Law students | $145 | $145 |

The undersigned finds petitioner's requested hourly rates reasonable.

### 2. Reduction of Billable Hours

#### a. Vague Entries

The undersigned has previously decreased an award of attorneys' fees for vagueness.  Barry v. Sec'y of HHS, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries).  An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file whether the amount requested is reasonable.  Bell v. Sec'y of HHS, 18 Cl.Ct. 751, 760 (1989); Rodriguez v. Sec'y of HHS, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. June 27, 2009).  Petitioners bear the burden of documenting the fees and costs claimed.  Id. at *8.

Time records should be sufficiently detailed so that the undersigned is able to determine the reasonableness of the amount of time being spent and the work being performed.  Mr. Shoemaker billed 0.2 hours to "review corr."  Doc. 21, at 1, 2 (entries dated 9/21/2016 and 3/28/2017).  Without additional information about what Mr. Shoemaker was reviewing or why, these hours are not compensable.  This adjustment results in a **deduction of the attorneys' fees by $87.00**.

#### b. Duplicative Entries

4

Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. See Ericzon v. Sec'y of HHS, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); Raymo v. Sec'y of HHS, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. See Sabella, 86 Fed. Cl. at 209.

Three partners and three law students worked on the case. The undersigned finds that counsel and three law students included multiple duplicative entries for attending the same case meetings to engage in case discussions.[2] For example, on September 21, 2016, three students and Mr. Shoemaker billed hours for "meeting with team to discuss new case." Doc 21, at 11 and 14. On April 5, 2017, three students and Ms. Gentry billed hours for "meeting with team to discuss Affidavits and (the) next status conference." Id. at 17. The undersigned will recognize counsel's time for attending those meetings. Moreover, Mr. Shoemaker and Ms. Knickelbein included entries for reviewing the same notice of appearance, scheduling orders, decision, and judgment. Id. at 11-13. The undersigned will recognize Mr. Shoemaker's time only. Accordingly, this results in a **further reduction of the law students' fees by $529.25 and the attorneys' fees by $264.60.**

The undersigned finds the attorneys' costs incurred by the GW Vaccine Injury Clinic reasonable.

## CONCLUSION

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees and costs request reasonable. Therefore, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs. Accordingly, the court awards**:**

a. **$16,720.54**, representing attorneys' fees and costs incurred by the George Washington University Law School Vaccine Injury Clinic, in the form of a check payable jointly to petitioner and the George Washington University Law School Vaccine Injury Clinic;

b. **$6.45**, representing petitioner's personal costs, in the form of a check made payable to petitioner.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of

---

[2] Doc. 21, at 14-18 (entries dated 9/21/2016; 9/28/2016; 10/26/2016; 3/22/2017; 3/29/2017; 4/5/2017; and 8/31/2017).

the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: June 26, 2018                                         /s/ Laura D. Millman
                                                                                                                               Laura D. Millman
                                                                                                                               Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.